**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Juan Edenilson Machado Ayala,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-02892-PHX-DWL (JFM)

**ORDER**

As discussed in more detail in the July 13, 2026 order, this is an unusual case in which Petitioner was arrested by immigration authorities, requested a bond hearing, and received a bond hearing. (Doc. 12 at 1.) After an immigration judge ("IJ") denied Petitioner's request for bond, Petitioner appealed to the Board of Immigration Appeals ("BIA"). (*Id.* at 1.) The BIA, however, refused to review the merits of Petitioner's appeal based on its view that the IJ lacked jurisdiction over the bond request under 8 U.S.C. § 1225(b)(2) due to Petitioner's status as an "applicant for admission." (*Id.*) Petitioner then initiated this § 2241 action. (*Id.* at 1-2.)

In a May 5, 2026 order, the Court found that Petitioner was not subject to mandatory detention under § 1225(b)(2) and ordered, as a remedy, a new bond hearing before an IJ. (*Id.* at 2.) Petitioner subsequently received a new bond hearing but was again denied bond. (*Id.*) Petitioner then filed a Rule 60(b)(6) motion, arguing that "the May 5, 2026 order did not address the specific claim presented in his petition—namely, that the BIA's refusal to consider his appeal of the denial of bond following the first bond hearing was itself a due

process violation." (*Id.*) In the July 13, 2026 order, the Court acknowledged "that the relief previously ordered did not align with the claim presented" and "apologize[d] for this oversight" but observed that "it is far from clear that the relief that was previously requested and is again being requested—'immediate release from custody'—is appropriate. The remedy for the due process violation alleged in the habeas petition would presumably be to order the BIA to consider Petitioner's first appeal on the merits instead of rejecting it for lack of jurisdiction. Moreover, now that Petitioner has participated in a second, court-ordered bond hearing, he presumably could appeal (or at least could have appealed) the resulting denial of bond to the BIA without fear that it would be rejected for lack of jurisdiction." (*Id.*, citations omitted.) Given these observations, the Court solicited further briefing from the parties, which they have now provided.

In their response, Respondents contend that "there is no authority for the District Court to order another appellate body (the [BIA]) to re-review a previously adjudicated matter and Petitioner had the opportunity to appeal the May 8, 2026, bond order without any jurisdictional issues and seek review of the merits of the most recent bond decision. Petitioner now seeks to circumvent or bypass the appropriate appellate process and not exhaust all remedies before returning to this Court for further relief." (Doc. 13 at 1.) Respondents add: "This Court already conducted the appropriate legal analysis in its habeas order when it reviewed Respondent's arguments regarding mandatory detention and 'applicants for admission'. The only difference in this case is that instead of the IJ denying for lack of jurisdiction it was the BIA who made the determination." (*Id.* at 2 n.1.)

In reply, Petitioner contends that "[t]he only issue remaining is whether the remedy embodied in the Judgment cured the constitutional deprivation alleged in the Petition. Respectfully, it did not." (Doc. 14 at 2.) Petitioner also clarifies that he "is not requesting that this Court compel the Board to reopen a concluded administrative appeal, nor does he ask this Court to review the merits of the May 8 custody determination. Rather, the pending Rule 60(b)(6) motion asks whether the Judgment entered by this Court accomplished the purpose for which habeas relief was granted." (*Id.*) Petitioner contends that "[w]here

subsequent events demonstrate that enforcement of a judgment no longer achieves an equitable result, the Rule authorizes the Court to revisit its prior disposition in order to ensure that justice, rather than procedural finality, governs the outcome." (*Id.* at 3.)

Having considered the parties' arguments, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(6). Although it is unfortunate that the remedy the Court provided to Petitioner in the May 5, 2026 order—a new bond hearing—did not fully align with the claim asserted in his habeas petition, it effectively gave him meaningful relief. Petitioner had a statutory right to a bond hearing before an IJ, *see Echevarria v. Bondi*, 2025 WL 2821282, *5 (D. Ariz. 2025), and a regulatory right to appeal the IJ's resulting decision to the BIA. *See* 8 C.F.R. § 1003.19(f) ("The determination of an Immigration Judge with respect to custody status or bond redetermination shall be entered on the appropriate form at the time such decision is made and the parties shall be informed orally or in writing of the reasons for the decision. An appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38."). At the time he filed his habeas petition, Petitioner had received the former but been deprived of the latter. By ordering a new bond hearing before an IJ and clarifying that the IJ had jurisdiction to conduct that hearing, the Court effectively gave Petitioner two different pathways to relief—he might prevail during the second bond hearing, which the Court ordered to occur promptly, and even if not, he could then exercise his regulatory right of appeal to the BIA with full assurance that his second appeal would be resolved on the merits. This was arguably a more favorable outcome, from Petitioner's perspective, than the remedy of simply ordering the BIA to review, on the merits, Petitioner's appeal from the IJ's first adverse bond decision—a remedy, it must be noted, that the Court likely lacked the authority to impose at the time of the May 5, 2026 order and which Petitioner has now clarified he is not seeking. (Doc. 14 at 2 ["Petitioner is not requesting that this Court compel the Board to reopen a concluded administrative appeal . . . ."].)

At bottom, the remedy that Petitioner has sought at every stage of this case—an order compelling his outright release from custody—is disproportionate to the underlying

violation. As discussed, Petitioner had the right to a bond hearing before an IJ and the right to appeal the IJ's denial of bond to the BIA. He has now received both of those rights—he acknowledges he made a tactical choice not to exercise his right of appeal to the BIA following the second bond hearing. (*Id.* at 7 [discussing "Petitioner's decision not to pursue a second administrative appeal"].) As a result, he is not being held "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241, and thus is not entitled to habeas relief.

Accordingly,

**IT IS ORDERED** that Petitioner's Rule 60(b)(6) motion (Doc. 11) is **denied**. This case remains **closed**.

Dated this 29th day of July, 2026.

Dominic W. Lanza
United States District Judge